

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-25-00370-CR
_____

JOSE AGOSTO, JOSE MIGUEL SANTANA AGOSTO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 297th District Court
Tarrant County, Texas[1]
Trial Court No. 1892047, Honorable Amy Allin, Presiding

July 28, 2026

MEMORANDUM OPINION

Before PARKER, C.J., and YARBROUGH and PRATT, JJ.

Appellant, Jose Agosto, appeals from his conviction by a jury of the second-degree offense of indecency with a child by contact[2] and the resulting sentence of 20 years of imprisonment. By one issue, Appellant contends the trial court erred when it overruled his objections to bolstering testimony. We affirm.

---

[1] Because this matter was transferred from the Second Court of Appeals, we apply its precedent when it conflicts with that of the Seventh Court of Appeals. TEX. R. APP. P. 41.3.

[2] *See* TEX. PENAL CODE § 21.11 (describing offense). Appellant was charged with several offenses related to M.B. The jury found Appellant not guilty of four out of the five charged offenses.

BACKGROUND

M.B., a teenager at the time of the events, lived with her mother, sisters, and Appellant (her mother's boyfriend). When the family moved from Florida to Texas, Appellant began to touch M.B. in ways that made her uncomfortable. One such incident occurred in 2023 in the swimming pool. On that occasion, Appellant touched M.B.'s private areas while the two were in the water. Another incident occurred during spring break in 2024. At that time, M.B.'s mother had taken her phone away as punishment. M.B. asked Appellant to help her get it back. He agreed to do so if she would have vaginal sex with him. She acquiesced on a couple of occasions. On other occasions, Appellant touched M.B.'s breasts and made her touch his penis.

M.B. later outcried to a teacher and a school counselor. The matter was tried before a jury. Several witnesses testified at trial, including a forensic interviewer and a police sergeant.

## ANALYSIS

Standard of Review and Applicable Law

We review a trial court's ruling to admit or to exclude evidence in a trial for an abuse of discretion. *Carrasco v. State*, 154 S.W.3d 127, 129 (Tex. Crim. App. 2005). When the trial court's evidentiary ruling is correct under any theory of law that applies to the case, the ruling will not be overturned on appeal. *See Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990). To demonstrate the trial court committed error in admitting evidence in a criminal trial, the appellant must show that the trial court's ruling

"was so clearly wrong as to lie outside the zone within which reasonable people might disagree." *Taylor v. State*, 268 S.W.3d 571, 579 (Tex. Crim. App. 2008).

"Bolstering" occurs when one item of evidence is improperly used by a party to add credence or weight to some earlier unimpeached piece of evidence offered by the same party. *Guerra v. State*, 771 S.W.2d 453, 474 (Tex. Crim. App. 1988), *cert. denied*, 492 U.S. 925, 109 S. Ct. 3260, 106 L. Ed. 2d 606 (1989). "Bolstering" is "any evidence the *sole* purpose of which is to convince the factfinder that a particular witness or source of evidence is worthy of credit, without substantively contributing 'to make the existence of a fact that is of consequence to the determination of the action more or less probable than it would be without the evidence.'" *Cohn v. State*, 849 S.W.2d 817, 819 (Tex. Crim. App. 1993) (emphasis in original).

While there is some question concerning the continuing viability of a "bolstering" objection, courts have found error is preserved so long as the trial court understood the nature of the "bolstering" objection. *Rivas v. State*, 275 S.W.3d 880, 886–87 (Tex. Crim. App. 2009). The Fort Worth Court of Appeals has recognized a "bolstering" objection as preserving a complaint that one witness had improperly vouched for another witness's credibility. *See Roof v. State*, No. 02-23-00284-CR, 2024 Tex. App. LEXIS 8636, at *22–23 (Tex. App.—Fort Worth Dec. 12, 2024, no pet.) (mem. op., not designated for publication).

## Application

By his sole appellate issue, Appellant challenges the trial court's overruling of his objections to the testimony as set forth below:

Q. Generally speaking, did you have any concerns regarding the interview that you did with [M.B.] on the 20th March 2024?

A. No.

Q. If you had had concerns about the veracity of the things that she was telling you, would you have brought those concerns to the detective?

MR. NAPOLITAN: Objection to bolstering, Your Honor.

THE COURT: Overruled.

A. Yes, I would have.

Q. [BY MS. LAWRENCE] And did you have any concerns that you brought to the detective?

A. No.

***

Q. When you were present to watch the interview—the forensic interview with [M.B.], was what [M.B.] told the forensic interviewer consistent with what you had learned about her outcry?

MR. NAPOLITAN: Objection to bolstering, Your Honor. Relevance.

THE COURT: Overruled.

Q. [BY MS. LAWRENCE] You can answer.

A. Yes.

Assuming Appellant's objections properly preserved this issue for our review, we cannot find the trial court erred by overruling Appellant's objections to bolstering. Like the testimony in *Roof*, 2024 Tex. App. LEXIS 8636, at *22, the witnesses here were not vouching for M.B.'s credibility, nor was either witness testifying that they believed her.

The testimony here is also similar to that admitted in *Choice v. State*, No. 02-23-00038-CR, 2024 Tex. App. LEXIS 521, at *19–20 (Tex. App.—Fort Worth Jan. 25, 2024, no pet.) (mem. op., not designated for publication). There, like here, the witness testified

4

she did not have any concerns about the victim being dishonest with her. This, the Fort Worth Court of Appeals found, "did not convey the interviewer's opinion as to whether the child was telling the truth." *Id.* (citing *Cantu v. State*, 366 S.W.3d 771, 778 (Tex. App.—Amarillo 2012, no pet)). Therefore, the court found no error in the testimony's admission. We agree the same is true here.

We find the same is also true with regard to the testimony that the statements M.B. made during the forensic interview were consistent with her outcry. The witness testified simply that the statements were consistent; the witness did not convey any belief in the truthfulness of the statements. *See Lopez-Salas v. State*, No. 02-15-00294-CR, 2017 Tex. App. LEXIS 2749, at *18 (Tex. App.—Fort Worth Mar. 30, 2017, pet. ref'd) (mem. op., not designated for publication) (collecting cases and agreeing with other courts holding "a witness's testimony that a child complainant's statements were consistent over time—without giving an opinion as to the significance of that consistency—does not constitute an inadmissible direct opinion on that witness's truthfulness").

We overrule Appellant's sole issue

### CONCLUSION

Having resolved Appellant's issue against him, we affirm the judgment of the trial court.

Alex Yarbrough
Justice

Do not publish.